## DANIELS et al. v. STRAW.

(Circuit Court, D. New Hampshire. October 10, 1892.)

SPECIFIC PERFORMANCE—LEASE—RENEWAL.

A lease containing covenants against underletting or occupancy by persons other than the lessee, with a provision for renewal at the lessee's option, was executed to an agent, who took it in trust for his principal, the owner of the business to be conducted on the premises. The lessor supposed that the agent took for his own benefit, and as owner of the business, but the latter made no representations on this point, and intended no fraud or concealment, and at the time of the execution the actual ownership was not a material consideration. The lessor had no personal objection to the true owner, but, induced by an offer of higher rent, refused to renew the lease. *Held,* that specific performance of the renewal clause should be enforced.

In Equity. Bill by Franklin B. Daniels and Sarah J. Bliss, doing business under the name of the Manchester One Price Clothing Store, against Hannah F. Straw, to enforce specific performance of the renewal clause in a lease. Decree for complainants.

Bingham & Mitchell, for plaintiff.

Burnham, Brown & Warren, for defendant.

ALDRICH, District Judge. This is a proceeding in equity to compel specific performance. July 18, 1881, the plaintiff Daniels was the agent of the Manchester One Price Clothing Store, doing business at Manchester. The other plaintiff, Sarah J. Bliss, was the sole owner of the business. And the defendant executed a lease of certain premises in Manchester to Daniels, reciting therein that the premises leased were the same then occupied by the Manchester One Price Clothing Store. The lease was under seal, signed by Hannah F. Straw and Franklin B. Daniels, and contained the usual covenants against underletting and occupancy by persons other than the lessee; was for the term of 5 years, and at a rental of $2,500 a year, with the right of renewal for a further term of 5 years if the lessee should so elect. At the time of its execution, Sarah J. Bliss was the sole owner of the business, and Daniels, her agent, knowing this, took the lease in his own name for her benefit, and for the benefit of the business, and held it in trust for the owner, and for the business. The lessor knew that it was taken for such a business, and that the premises were to be occupied by the Manchester One Price Clothing Store. Daniels did not disclose the ownership of the business, and the lessor did not inquire. Daniels assumed that the lessor knew, and did not intend to conceal any material or other fact. The lessor assumed, without inquiry, that Daniels owned the business, and was carrying it on under the name and style of the Manchester One Price Clothing Store. The premises were occupied during the term of the lease for the purposes of the "One Price Clothing" business, and until the following December, without a renewal; the occupants paying the rent by checks, sometimes signed by Daniels, as superintendent, and sometimes by Curtis, as general manager.

December 1, 1886, Daniels, acting as agent for the owner of the business, called for a renewal and for another five-years option, and a new lease was executed, with a like option for another five years; and the premises were occupied during the second term in the manner described, the occupants paying the rent by checks signed sometimes by Daniels, as superintendent, and sometimes by Curtis, as general manager; and at the expiration of the term Daniels, acting as agent of the owner, asked for a renewal under the option provision, and the defendant refused to comply, on the ground that she was relieved by the fact that Daniels did not disclose his principal, and that she had, therefore, no contract with the owner, Bliss, and upon the further ground that the right was forfeited by permitting occupancy by other persons.

I find as facts that all the parties are responsible, and the owner of the business is not personally objectionable to the lessor; that Daniels intended no fraud or concealment; that the defendant knew

the premises were to be occupied by the Manchester One Price Clothing Store, and that at the time of the execution of the first lease, and at the time of the renewal in December, 1886, the actual ownership of the business, and the defendant's supposition upon the subject, was not a controlling or material consideration; that during the summer or fall of 1891 the defendant was offered a rental exceeding the sum named in the lease by something like $1,000 a year, and the refusal to comply with the option provision results from this offer, rather than the discovery of ownership.

Upon the facts, I rule that neither the failure to state the ownership, under the circumstances, nor the character of the occupancy, works a forfeiture of the option provision; and I think the defendant should execute a lease according to the terms of the agreement, and it is so ordered. It may be considered at the defendant's option to execute the lease to Daniels, as agent, or to the Manchester One Price Clothing Store, or to Sarah J. Bliss.